IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| GERALD STIFFARM, | ) | Cause No. CV 09-67-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On July 30, 2009, Petitioner Gerald Stiffarm filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is proceeding pro se. He is currently placed in the Intensive Supervision Program in Butte, Montana.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file

an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.[1]

## II. Background

Petitioner was charged in two separate cases in Montana's Twelfth Judicial District Court, Hill County. One case, Cause No. 04-026, charged felony partner or family member assault ("PFMA"), a violation of Mont. Code Ann. § 45-5-206(1) (2003). Petitioner pled guilty. He was placed on probation for four years. Pet. (doc. 1) at 2 ¶¶ 1, 3; id. at 4 ¶ 15A; CONWeb, http://app.mt.gov/conweb (accessed Oct. 5, 2009).

In 2006, Petitioner was charged in Cause No. 06-010 with failure to register as a violent offender, a violation of Mont. Code Ann. § 46-23-504(1) (2005). Petitioner again pled guilty. At the same time, his probation in No. 04-026 was revoked. He was resentenced to serve four years in the custody of the Montana Department of

---

[1] The Court notes that the State of Montana is not a proper Respondent. Because Petitioner is at a pre-release center, the proper Respondent is probably an official in the Department of Corrections. There is no need to resolve this issue or permit Petitioner to amend his pleading, however, because the Petition is plainly lacking in merit and should be denied on that basis.

Corrections in No. 04-026 and five years, all suspended, on No. 06-010.  Pet. at 2 ¶¶ 1, 3-5; id. at 13 ¶ 15F.  According to CONWeb, his sentences were pronounced on February 24, 2006.

Petitioner did not appeal in either case at any time.  He states that he filed a petition for writ of habeas corpus in the Montana Supreme Court.  It was denied on June 2, 2008.  He also states that he filed a "motion to enter judgment on the pleadings" in 2009 in the Montana Supreme Court.  It was denied on February 19, 2009.  Pet. at 2 ¶¶ 9-14.

Petitioner also states that he filed a petition for postconviction relief.  Id. at 2 ¶ 8, 5 ¶ 16.  The records of the Twelfth Judicial District Court show no pending action in Petitioner's name.  Neither do the records of the Montana Supreme Court.

Petitioner filed his federal habeas petition on July 30, 2009.

### III. Petitioner's Allegations

Petitioner's claims are reorganized here to group related claims together.

Petitioner alleges, first, that the trial court should not have accepted his guilty plea in the original proceedings in No. 04-026 because he stated in open court "I did not hit her."  His plea was entered on August 26, 2004.  Pet. at 4 ¶ 15A ("Claim A").

Second, Petitioner alleges that one of the two misdemeanor PFMA convictions underlying his felony PFMA conviction in No. 04-026 was incurred without the

assistance of counsel. Id. at 4-5 ¶ 15B ("Claim B"). He contends that counsel was ineffective for failing to realize that his PFMA conviction should not have been a felony when it was imposed and counseling him to plead guilty, id. at 6 ¶ 15B, 12-13 ¶ 15F ("Claim F"), and that the State's threat to charge him as a persistent felony offender in 2006, Mont. Code Ann. § 46-1-202(18) (2007), was therefore a hollow one, though it persuaded him to plead guilty in a hurry to both the revocation charge in No. 04-026 and the failure to register charge in No. 06-010, Pet. at 7 ¶ 15B. He also claims that he should not have been subject to register as a violent offender in the first place. Id. at 8 ¶ 15C ("Claim C"); see also Mont. Code Ann. §§ 45-5-206(3)(a)(iv) (making third PFMA offense a felony), 46-23-502(9)(a)[2] (defining felony PFMA as a "violent offense"), -504(1) (2003) (requiring violent offenders to register). And, because a sentence longer than a year should not have been imposed in No. 04-026, the revocation and reimposition of a four-year term was illegal, so the trial court lacked jurisdiction to revoke his suspended sentence. Id. at 10-11 ¶ 15E ("Claim E").

Third, Petitioner contends that the trial court had prior knowledge of the troubled relationship between himself and the victim in the PFMA case. Pet. at 9 ¶ 15D ("Claim D").

---

[2] Now subsection (13)(a).

Fourth, Petitioner asserts that his ability to obtain a legal remedy for violations of his constitutional rights has been frustrated because the state courts will not give him free copies of transcripts and will not consider his claims on the merits. Id. at 15 ¶ 15G ("Claim G").

## IV. Analysis

Although Petitioner's claims are almost certainly barred on procedural grounds, such as procedural default and the federal statute of limitations, it is clear that he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. See, e.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

### A. Actual Innocence Claim

Petitioner asserts he was not guilty of PFMA because he "did not hit her." Hitting or other physical contact is not an element. A person is guilty of the offense if he "purposely or knowingly causes reasonable apprehension of bodily injury in a partner or family member." Mont. Code Ann. § 45-5-206(1)(c) (2003). The trial court did not err by accepting Petitioner's guilty plea despite the fact he did not hit anyone.

**B. Constitutionally Infirm Conviction**

Petitioner claims that, on April 15, 1993, he pled guilty to misdemeanor PFMA without counsel "at the prospect of getting out of jail." Pet. at 8 ¶ 15C.

Petitioner is correct that a state may not rely on a previous conviction to enhance a sentence for a later-committed crime if the defendant's right to the appointment of counsel under Gideon v. Wainwright, 372 U.S. 335 (1963), was violated. Burgett v. Texas, 389 U.S. 109, 114-15 (1967). However, the Gideon right does not attach in every criminal prosecution. "[A]bsent a knowing and intelligent waiver, no person may be *imprisoned* for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, 407 U.S. 25, 37 (1972) (emphasis added). The authorized penalty is not the deciding factor. The deciding factor is whether the convicted defendant is actually sentenced to imprisonment for any period of time. "[T]he Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Scott v. Illinois, 440 U.S. 367, 373-74 (1979).

Petitioner states that he pled guilty to a second misdemeanor PFMA charge in order to get out of jail. He "did ask for more time and to be reappointed counsel," but

his request was denied. Pet. at 8 ¶ 15C. Precisely because he was not sentenced to a term of incarceration, he was not entitled to counsel under Gideon. Therefore, there was no error in counting his previous misdemeanor PFMA charge against him in No. 04-026. All of Petitioner's claims following from his contention that his uncounseled 1993 misdemeanor conviction could not be used against him – Claims B, C, E, and F – should be denied.

### C. Trial Court's Prior Knowledge

"[E]xtreme facts" are required to create "an unconstitutional probability of bias." Caperton v. A.T. Massey Coal Co., Inc., __ U.S. __, 129 S. Ct. 2252, 2265 (2009). Petitioner alleges only that the judge had seen him in court before. There is nothing extreme or remarkable about that. Claim D should be denied.

### D. Copies of Documents and Airing of Arguments in State Court

States establish procedures that persons such as Petitioner are required to follow. The Constitution does not require Montana to provide direct appeal. Ross v. Moffitt, 417 U.S. 600, 611 (1974); McKane v. Durston, 153 U.S. 684 (1894). But, if it does, it must ensure that indigent defendants can obtain a review "as adequate . . . as defendants who have enough money to buy transcripts." Griffin v. Illinois, 351 U.S. 12, 19 (1956).

This rule does not mean that an indigent person is entitled to transcripts or

copies of documents at public expense every time he wants to file something. The State's establishment of a procedure is the key. Where there is an established procedure, the State must ensure that indigent persons have the same access to it as others.

In Petitioner's case, there is no established procedure by which the Montana Supreme Court hears motions for judgment on the pleadings. While there is an established procedure for filing a petition for writ of habeas corpus in state court, the writ is not available to challenge a conviction, sentence, or revocation, Mont. Code Ann. § 46-22-101(2), unless a sentence is "facially invalid," Lott v. State, 150 P.3d 337, 342 ¶ 22 (Mont. 2006). Petitioner had no entitlement to be heard on the merits of his procedurally irregular filings in the Montana Supreme Court.

Petitioner's claim of actual innocence has no basis in the law. Consequently, he has no entitlement to withdraw his guilty plea and no entitlement to a hearing in the trial court to determine the voluntariness of his guilty pleas more than a year after his convictions became final. Mont. Code Ann. §§ 46-16-105(2), 46-21-102(1) (2003). Therefore, Petitioner also had no entitlement to copies of documents or transcripts at public expense. Claim G should be denied.

## V. Certificate of Appealability

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).  Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

**B. Discussion**

Petitioner's claims are all based on misunderstanding of the law.  A person can be guilty of felony partner or family member assault without hitting anyone. Mont. Code Ann. § 45-5-206(1) (2003).

Petitioner was not constitutionally entitled to appointed counsel when his guilty plea to misdemeanor PFMA in 1993 did not result in a jail sentence.  Scott v. Illinois, 440 U.S. 367, 373-74 (1979).  Consequently, his third conviction for PFMA was enhanced to a felony without relying on any conviction obtained in violation of Gideon v. Wainwright, 372 U.S. 335 (1963), Petitioner was subject to registration as a violent offender, Mont. Code Ann. §§ 45-5-206(3)(a)(iv), 46-23-502(9)(a), -504(1) (2003), and to designation as a persistent felony offender, id. § 46-1-202(18) (2005),

and he fails to identify any respect in which counsel was ineffective.

Petitioner's claims of judicial bias and entitlement to transcripts and a hearing on the merits in state court are frivolous.

Petitioner presents no open questions and nothing on which reasonable jurists could disagree. The law underlying denial of his claims is well-established. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his remaining claims.

DATED this 8th day of October, 2009.

> */s/ Keith Strong*
> Keith Strong
> United States Magistrate Judge